**HEART DISEASE RESEARCH FOUNDATION, a Charitable Trust of the State of New York, et al., Plaintiffs-Appellants,**

v.

**GENERAL MOTORS CORP. et al., Defendants-Appellees.**

**No. 763, Docket 72–1259.**

United States Court of Appeals, Second Circuit.

Argued May 25, 1972.

Decided July 5, 1972.

————◆————

I. Walton Bader, New York City, for plaintiffs-appellants.

Simon H. Rifkind, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, Jay H. Topkis, New York City, on the brief), for General Motors Corp.

Robert Ehrenbard, New York City (Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, on the brief), for Chrysler Corporation.

Wright Tisdale, Dearborn, Mich., for Ford Motor Co.

Walter J. Williams, Detroit, Mich., for American Motors Sales Corp.

Before LEVENTHAL,* FEINBERG and TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs Heart Disease Research Foundation, a charitable trust, and Robert R. Peters and Henry Sassone, two of the Foundation's trustees, appeal from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, Jr., J., dismissing plaintiffs' amended complaint against General Motors Corp., Chrysler Corporation, Ford Motor Co. and American Motors Sales Corp. Plaintiffs seek to represent a class consisting of "the population of the United States residing in the metropolitan areas of the United States, amounting to approximately 125,000,000 persons." [1] The amended complaint contains three counts: Count 1 alleges that defendants have committed antitrust violations by conspiring to suppress the development of motor vehicle pollution control devices; jurisdiction is grounded on the antitrust laws, 15 U.S.C. §§ 1, 2, 15. Count 2 purports to add another cause of action "pursuant

---

* Of the United States Court of Appeals for the District of Columbia Circuit sitting by designation.

1. The original complaint was on behalf of "the entire population of the United States, amounting to approximately 225,000,000 persons."

to common law principles of liability"; jurisdiction is based on "the 'general welfare' provisions of the Constitution of the United States . . . ." Count 3 asserts that the "United States Government is significantly involved in the production, manufacture and distribution of motor vehicles by reason of . . . [its] substantial purchases of motor vehicles . . ." and that such "continued purchase and operation of present motor vehicles . . . is adversely affecting the environment of the United States"; jurisdiction for this "claim" is premised on the "Environmental Quality Act," not otherwise identified. Plaintiffs seek injunctive relief and damages of "one hundred twenty five trillion dollars (trebled to three hundred and seventy five trillion dollars with respect to Count One)" and an attorney's fee of $3,000,000. Judge Tyler dismissed the complaint on the grounds that it failed to state any claims upon which relief could be granted and that plaintiffs' attorney failed to comply with Fed.R.Civ.P. 11.[2] We affirm on the former ground.

 Counts 2 and 3 of the complaint do not allege the essential elements of any cause of action. The purported jurisdictional basis for the former—the "general welfare" clause—is frivolous. As to count 3, plaintiffs now claim that "the sufficiency of this count need not be considered at this time" since count 2 "is also specifically bottomed on the 'Clean Air Act.'" This assertion is typical of the sloppy, scattershot manner in which this complaint was thrown together. Count 2 does not mention the "Clean Air Act." Neither does count 3 for that matter. The latter does refer to the "Environmental Quality Act," which Judge Tyler understandably took to mean the Environmental Quality Improvement Act of 1970, 42 U.S.C. § 4371 et seq. Plaintiffs now tell us they really were referring to 42 U.S. C. § 1857, which the complaint nowhere mentions and which requires, in any event, allegations as yet unmade. Plaintiffs also now argue that count 2 is actually a nuisance or negligence action based upon diversity, allegations that they never bothered to make in the complaint. Even under the liberal Federal Rules of Civil Procedure, there is a limit to how much a court may be called upon to divine in assessing the sufficiency of the complaint before it, particularly when the plaintiff is represented by counsel.

 As to count 1, it was well within the district court's discretion to dismiss the claim since no facts are alleged supporting an antitrust conspiracy. Although the Federal Rules permit statement of ultimate facts, a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal. See generally, 2A Moore, Federal Practice ¶ 12.08 (2d ed. 1968). This is particularly true when, as here, the original plaintiff has already amended his complaint once with the approval of the court.

We are aware that a number of cases are now pending in the District Court for the Central District of California in which the plaintiffs, mostly political entities suing *parens patriae* on behalf of their citizens, are charging these defendants with antitrust violations in connection with the development of air pollution control devices. At least one of these actions was transferred to that court from the Southern District of New York. See In re Motor Vehicle Air Pollution Control Equipment, 311 F.Supp. 1349, 1352 (J.P.M.L.1970). We certainly express no view as to the merits of those cases or of any action that might be brought by any private party proper-

---

2. Fed.R.Civ.P. 11 provides, inter alia, that:

> The signature of an attorney [on a pleading] constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading . . . is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false . . . .

ly alleging common law negligence or nuisance. We hold only that the amended complaint before us was so insufficiently and frivolously drawn that Judge Tyler could properly dismiss the action without granting plaintiffs further opportunity to amend.

Judgment affirmed.