GEORGE C. FREY READY-MIXED CONCRETE, INC., George C. Frey Batching Plant, Inc., and Herbert Frey and Lois Muck, as co-executors of the Estate of George C. Frey, Deceased, Plaintiff-Appellants,

v.

PINE HILL CONCRETE MIX CORP., Regent Sand & Gravel Corp., Ludwig F. Kahle, Joseph Pfohl, Paul M. Pfohl, and Fidelis H. Pfohl, individually and as the controlling and surviving directors, officers, shareholders, liquidators and receivers of the assets of Pfohl Brothers, Inc., a dissolved corporation, and Pfohl Brothers, Inc., Defendants-Appellees.

No. 363, Docket 75-7698.

United States Court of Appeals, Second Circuit.

Argued March 2, 1977.

Decided May 6, 1977.

**552**

Arnold Weiss, Buffalo, N. Y. (Raichle, Banning, Weiss & Halpern, Buffalo, N. Y., of counsel), for plaintiffs-appellants.

Victor T. Fuzak, Buffalo, N. Y. (Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., of counsel), for defendants-appellees.

Before LUMBARD and OAKES, Circuit Judges, and BRYAN, District Judge.*

OAKES, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of New York, John T. Curtin, *Chief Judge,* which granted one or the other or both[1] of appellees' motions for dismissal and summary judgment, Fed.R. Civ.P. 12, 56. We find the court's decision unjustified on either of these grounds and therefore reverse.

On both sides of this suit are corporations engaged, *inter alia,* in the production and sale of ready-mixed concrete and gravel in the Buffalo, New York, area. On June 17, 1970, appellants brought suit charging appellees with monopolization, various restraints of trade, and conspiracy in violation of the Sherman and Clayton Antitrust Acts, 15 U.S.C. §§ 1 *et seq.,* 12 *et seq.,* as well as various state antitrust and contract law violations. Appellees were granted permission to complete their discovery before appellants began their own. On May 7, 1971,

---

* Hon. Frederick vanPelt Bryan, United States District Judge for the Southern District of New York, sitting by designation.

1. We have had not a little difficulty in determining just what the court below intended to do. Unfortunately, the briefs in this case do little to aid divination of the precise holding of the court below.

appellees were chastised by the district court for their desultory discovery process and ordered to adhere to a strict schedule. A long series of mutually agreed upon delays followed, however, and on October 16, 1974, the court, disturbed with the dilatoriness of both sides, referred the suit to a magistrate for close supervision and a quick termination of the discovery process. On October 22, 1974, the magistrate established a schedule calling for appellees to end their protracted discovery by November 29 and for appellants to begin their discovery immediately thereafter. On November 27, appellants filed their first request for documents pursuant to this schedule. Appellees filed substantial objections to this request on December 17, and, before the court could act on these objections, appellees moved on January 10, 1975, for dismissal of the action and summary judgment. A decision on these motions was delayed at appellants' instance while they examined some documents not covered by appellees' objections and, with the aid of evidence gained in this brief examination, moved that any judgment on appellees' motions to dismiss and for summary judgment be delayed until after discovery was completed. The court denied appellants' motion and dismissed the action or granted summary judgment on November 10, 1975.

■■■ The first apparent ground for the court's decision was that the complaint failed to state a claim on which relief could be granted and that therefore appellees should have judgment on the pleadings under Fed.R.Civ.P. 12(c).[2] For purposes of this motion, we may look only at the pleadings, with all of "the well-pleaded material facts alleged in the complaint . . . taken as admitted," *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 286 (2d Cir. 1974), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Under this standard, appellants' complaint may not be dismissed for failure to state a claim. The complaint alleges that both appellants and appellees made substantial purchases of materials, especially cement, that had been transported in interstate or foreign commerce and made sales across state or national boundaries; this is a sufficient allegation of effect on interstate commerce to state a cause of action under the Sherman and Clayton Acts. *Compare Gulf Oil Corp. v. Copp Paving Co.,* 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974) (intrastate sales of asphaltic concrete for use on interstate highways are not sales "in commerce" under Clayton Act; no evidence of effects on interstate commerce). The complaint further alleges that appellees bought up appellants' source of grit and gravel supplies as part of a continuing effort to monopolize the local ready-mixed concrete industry and that, by controlling the best source of supply, the appellees were in a position to force appellants out of business with a cost-price squeeze. The complaint further indicated that the markets involved were those for gravel and ready-mixed concrete in the Buffalo or Western New York area. Taken together, these allegations were adequate to put the appellees on notice as to the nature of appellants' claim. Appellees dispute these allegations, but where there is a dispute as to material facts judgment on the pleadings is inappropriate, 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1367, at 685 (1969).

■■■ Even though appellants' claims were alleged with what would ordinarily be considered sufficient specificity, appellees contend, and the court below appeared to believe, that antitrust claims, because of their complexity, must be pleaded with

---

**2.** Fed.R.Civ.P. 12(c) allows a party to "move for judgment on the pleadings" "[a]fter the pleadings are closed but within such time as not to delay the trial." Pursuant to Rule 12(h)(2), a Rule 12(c) motion may be used to raise the "defense of failure to state a claim

upon which relief can be granted," a defense ordinarily raised under Rule 12(b)(6) before the pleadings are closed. *See Shapiro v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 353 F.Supp. 264, 268 (S.D.N.Y.1972), *aff'd,* 495 F.2d 228 (2d Cir. 1974).

greater specificity than other claims. It has been clear in this circuit since *Nagler v. Admiral Corp.*, 248 F.2d 319 (2d Cir. 1957) (Clark, *C. J.*), however, that a short plain statement of a claim for relief which gives notice to the opposing party is all that is necessary in antitrust cases, as in other cases under the Federal Rules. *See* 5 C. Wright & A. Miller, *supra*, § 1228. *Compare, e. g., Newburger, Loeb & Co. v. Gross*, 365 F.Supp. 1364, 1367–68 (S.D.N.Y.1973) ("skeletal" allegations sufficient), *with, e. g., Heart Disease Research Foundation v. General Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972) ("a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal"). The discovery process is de-signed to provide whatever additional sharpening of the issues may be necessary. Insofar as the court's decision rested on Fed.R.Civ.P. 12, it is reversed.

■ The appellees contend, however, that if the court's action be considered as summary judgment, it was appropriate under Fed.R.Civ.P. 56. The court apparently held as a matter of law that plaintiffs had not alleged sufficient connection with interstate commerce.[3] Unlike a Rule 12 motion, in which a party's allegations in the pleadings must be accepted, a court in considering summary judgment may look behind the pleadings to facts developed during discovery. *See* 10 C. Wright & A. Miller, *supra*, § 2713 (1973). Here, however, the court had virtually nothing to look to other

---

**3.** The question whether an antitrust claim affects interstate commerce sufficiently to violate the antitrust laws was referred to by the court below as a question of "jurisdiction." In *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974), the Supreme Court also used jurisdictional language, *see id.* at 188, 191, 195, 199, 95 S.Ct. 392, but did not resolve whether the issue is in fact jurisdictional, *see id.* at 203 n. 19, 95 S.Ct. 392, and the question was again left open in *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 742 n. 1, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). While several other courts have used jurisdictional language, *see, e. g., DeVoto v. Pacific Fidelity Life Ins. Co.*, 516 F.2d 1, 4 (9th Cir.), *cert. denied*, 423 U.S. 894, 96 S.Ct. 194, 46 L.Ed.2d 126 (1975); *United States v. Finis P. Ernest, Inc.*, 509 F.2d 1256, 1258–61 (7th Cir.), *cert. denied, Modern Asphalt Paving & Construction Co. v. United States*, 423 U.S. 874, 96 S.Ct. 142, 46 L.Ed.2d 105, *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975); *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972), the Fourth Circuit has stated that the question is not jurisdictional but rather goes to the elements of an antitrust cause of action. *See Mims v. Kemp*, 516 F.2d 21, 23 (4th Cir. 1975) (per curiam); *Hospital Building Co. v. Trustees of Rex Hospital*, 511 F.2d 678, 680–81 (4th Cir. 1975), *rev'd on other grounds*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

The general point was expressed by Mr. Justice Jackson for the Supreme Court:

As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action. . . . If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has. In the words of Mr. Justice Holmes, ". . . if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 [33 S.Ct. 410, 412, 57 L.Ed. 716] [1913].

*Montana-Dakota Utilities Co. v. Northwestern Public Service Co.*, 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951). Many Supreme Court cases are to the same effect. *See, e. g., Baker v. Carr*, 369 U.S. 186, 198–200, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (Frankfurter, *J.*); *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (Black, *J.*); *Binderup v. Pathe Exchange, Inc.*, 263 U.S. 291, 305–08, 44 S.Ct. 96, 68 L.Ed. 308 (1923).

Thus, when a plaintiff makes a nonfrivolous allegation that the antitrust laws have been violated, a federal district court should take jurisdiction over the claim. If the defendant's argument is only that no interstate commerce is affected, he should move to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or 12(c), as was done in *Lieberthal v. North Country Lanes, Inc.*, 332 F.2d 269, 270 (2d Cir. 1964), or, if the claim survives such a motion, after appropriate discovery he may move for summary judgment under Rule 56. A motion to dismiss for lack of jurisdiction, pursuant to Rule 12(b)(1) or 12(h)(3), is inappropriate in such cases unless the interstate commerce claim is patently frivolous. *See Bell v. Hood*, *supra*, 327 U.S. at 682–83, 66 S.Ct. 773; *Elders v. Consolidated Freightways Corp.*, 289 F.Supp. 630, 633 (D.Minn.1968).

than the pleadings, since appellants had had little opportunity for discovery.

■ We hold that consideration of a summary judgment motion at this point in the proceedings was premature. In a series of recent cases, this court has repeatedly emphasized that "on a motion for summary judgment the court cannot try issues of fact; . . . it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, . . . with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute . . . ." *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975); *see Gladstone v. Fireman's Fund Insurance Co.*, 536 F.2d 1403, 1406 (2d Cir. 1976); *United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir. 1976); *National Life Insurance Co. v. Solomon*, 529 F.2d 59, 60–61 (2d Cir. 1975) (per curiam); *Home Insurance Co. v. Aetna Casualty & Surety Co.*, 528 F.2d 1388, 1390 (2d Cir. 1976) (per curiam); *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir. 1975); *Judge v. City of Buffalo*, 524 F.2d 1321, 1322–23 (2d Cir. 1975). "This is particularly so when, as here, one party has yet to exercise its opportunities for pretrial discovery." *National Life Insurance Co. v. Solomon, supra*, 529 F.2d at 61; *see Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). Moreover, because antitrust actions so integrally involve motive and intent to conspire and injure, they have been said to be particularly inappropriate for summary judgment treatment, *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); 10 C. Wright & A. Miller, *supra*, § 2732, at 608–10, although of course baseless antitrust claims may be dismissed before trial, *see Heart Disease Research Foundation v. General Motors Corp.*, *supra*, 463 F.2d at 100; *Beckman v. Walter Kidde & Co.*, 451 F.2d 593 (2d Cir. 1971) (per curiam), *cert. denied*, 408 U.S. 922, 92 S.Ct. 2488, 33 L.Ed.2d 333 (1972); *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972).

■ The consideration of these factors leads to the conclusion that a motion for summary judgment should not be entertained before discovery has been completed in antitrust cases in which the relevant facts are disputed and intent to injure is an issue. *See Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976) ("in antitrust cases . . . dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly"); *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 55 F.R.D. 292, 296–97 (S.D.N.Y.1972); *cf. ALW, Inc. v. United Airlines, Inc.*, 510 F.2d 52, 55 (9th Cir. 1975) (summary judgment upheld because plaintiff had had full discovery and could show no genuine issues of fact); *Beckman v. Walter Kidde & Co.*, *supra* (same); *Billy Baxter, Inc. v. Coca-Cola Co.*, 431 F.2d 183, 189 (2d Cir. 1970) (same), *cert. denied*, 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 826 (1971); *Sulmeyer v. Seven-Up Co.*, 411 F.Supp. 635, 641 (S.D.N.Y.1976) (same). It follows that summary judgment should not be granted when the facts disputed concern effect on interstate commerce, as to which a plaintiff cannot be expected to have sufficient knowledge until discovery has taken place, *see Hospital Building Co. v. Trustees of Rex Hospital*, 511 F.2d 678, 680 (4th Cir. 1975), *rev'd on other grounds*, 425 U.S. 738, 96 S.Ct. 1848 (1976); *Mar-Farr Corp. v. Copley Press, Inc.*, 64 F.R.D. 456 (N.D.Ill.1974); *Chapiewsky v. G. Heileman Brewing Co.*, 297 F.Supp. 33, 38 (W.D.Wis.1968).[4]

4. Typically a plaintiff in an antitrust case will be able to allege specifically those acts said to cause him injury, as was done here, but will be unable to do more than generally allege that the defendant is engaged in interstate commerce, an indispensable element of a cause of action under the antitrust laws. Not until discovery will the books and records of a defendant confirm or deny the requisite interstate connection. The value of such discovery is well illustrated in this case. Appellants' hurried partial discovery resulted in two affidavits in support of an eleventh hour motion to defer a decision on appellees' motions until after dis-

■ Of course, a court has the inherent power to take appropriate action against a plaintiff whose interminable discovery simply postpones an inevitable dismissal, *see* Note, *Proposed 1967 Amendments to the Federal Discovery Rules*, 68 Colum.L.Rev. 271, 293–94 (1968), as well as explicit power under Fed.R.Civ.P. 37 to punish disobedience of discovery orders, *see Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207–08, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), but here we do not have recalcitrant plaintiffs. Rather, we have plaintiffs who, partially through their own lack of prosecution but at least as much because of delays by the defendants and insufficient supervision by the court or magistrate were not able to begin discovery until 4½ years after they had initiated the suit,[5] and then were not able to get a court ruling on defendants' objections to plaintiffs' first request for documents before summary judgment overtook them. Insofar as the court's decision rested on Fed.R.Civ.P. 56, it is reversed without prejudice to a renewed motion for summary judgment at the completion of discovery.

Judgment reversed and cause remanded.

covery was completed. The August 18, 1975, affidavit of James J. Neill, Jr., unremarked in either brief or in the opinion below, contains a list of interstate purchases by appellees that, unless rebutted, may well in and of itself constitute sufficient evidence of appellees' involvement in interstate commerce to survive a motion for summary judgment on the Sherman Act claims.

5. We note that a substantial factor leading to the lengthy delays in this case was the order that appellees be allowed to complete their discovery before appellants could begin, following the much criticized and delay-inducing "rule of priority" in discovery. As the defending parties, appellees had little or no reason to proceed diligently with the litigation, but with priority on appellees' side appellants were helpless to proceed with their discovery. Under the current version of Fed.R.Civ.P. 26(d), which became effective two weeks after this litigation began, both parties should have been allowed concurrent discovery in this case. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2046–47 (1970).