Jean JOHNSON, Seymour Johnson, Anne Hirsch and Joseph Tieger, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

SOUNDVIEW APARTMENTS HOUSING DEVELOPMENT FUND CO., INC. and United Home For Aged Hebrews and George M. Friedland, Herbert Platzner, Saunders T. Preiss and Charles H. Singer, individually and as officers of defendants Soundview Apartments Housing Development Fund Co., Inc. and United Home for Aged Hebrews, (the Private Defendants), United States Department of Housing and Urban Development, Samuel R. Pierce, Secretary, United States Department of Housing and Urban Development, and Joseph D. Monticciolo, Regional Administrator, United States Department of Housing and Urban Development, (the Federal Defendants), Defendants.

No. 81 Civ. 4803 (JES).

United States District Court,
S.D. New York.

May 17, 1984.

Westchester Legal Services, Inc., White Plains, N.Y., for plaintiffs; Joy Blumkin, Stephen Norman, White Plains, N.Y., of counsel.

Satterlee & Stephens, New York City, for defendants Soundview Apartments Housing Development Fund, United Home for Aged Hebrews, George M. Friedland, Herbert Platzner, Saunders T. Preiss & Charles H. Singer; James F. Rittinger, Jr., New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants U.S. Dept. of Housing and Urban Development, Samuel R. Pierce, Secretary, Joseph D. Monticciolo, Regional Administrator; Carolyn L. Simpson, Asst. U.S. Atty., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiffs, residents of Soundview Apartments, commenced this action against Soundview Apartments Housing Development Fund Co., Inc., owner and landlord of Soundview Apartments and United Home for Aged Hebrews, along with a number of their officers (the "Soundview defendants"), and the United States Department

of Housing and Urban Development and two of its officers (the "HUD defendants"). Plaintiffs claim that a mandatory meal plan to which they are required to subscribe at Soundview Apartments violates section 1 of the Sherman Act, 15 U.S.C. § 1, section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, and section 202 of the Housing Act of 1959, 12 U.S.C. § 1701q.

The HUD defendants moved to dismiss the claims against them, which are based on the Housing Acts. The Soundview defendants joined in that motion, and renewed their motion for summary judgment with respect to the plaintiffs' claim that the mandatory meal plan constitutes an illegal tying arrangement in violation of section 1 of the Sherman Act.

### 1. *The Housing Act Claims.*

The claims against all defendants predicated on alleged violations of section 8 and section 202 of the Housing Acts must be dismissed. Section 8 provides that no family qualified to receive housing assistance payments under the statute shall pay in excess of 30% of the family's monthly adjusted income in rent.[1] Plaintiffs argue that Soundview's mandatory meal plan violates the statute because the charge for meals constitutes "rent" within the meaning of section 8, and that the total charge for housing and meals therefore exceeds the 30% limitation imposed by section 8. They also argue that the mandatory meal plan frustrates the Congressional purpose in enacting both sections 8 and 202.

These arguments lack merit. There is no statutory or case authority[2] to support plaintiffs claim that the term "rent" as used in section 8 should be construed in any sense other than its ordinary meaning. The word "rent" customarily refers to payment for shelter, and not meals.[3] Absent such authority, there is no basis to conclude that section 8 precludes the type of mandatory meal plan at issue here.

Furthermore, this holding is consistent with the manner in which HUD has interpreted the statute, since HUD has permitted mandatory meal plans. *See* HUD Handbook 4571.1 REV-2, § 5-33(c), at 5-25 (March 1983). In the absence of any support for plaintiffs' arguments, the Court finds that the agency's interpretation of the statute is reasonable and not inconsistent with the purposes of section 8 or section 202, and thus sees no reason why it should not defer to and acquiesce in that interpretation. *See, e.g., Morton v. Ruiz,* 415 U.S. 199, 237, 94 S.Ct. 1055, 1075, 39 L.Ed.2d 270 (1974); *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Mayoral v. The Jeffco American Baptist Residences, Inc.,* 726 F.2d 1361, 1363 (10th Cir.1983).

It follows that the third and fifth claims of the amended complaint must be dismissed as to all defendants. The fourth and sixth claims, which are also predicated upon the underlying assumption that mandatory meal plans violate the Housing

---

**1.** 42 U.S.C. § 1437f provides in pertinent part:
(c)(3) The amount of the monthly assistance payment with respect to any dwelling unit shall be the difference between the maximum monthly rent which the contract provides that the owner is to receive for the unit and the rent the family is required to pay under section 1437a(a) of this title....

The relevant portion of section 1437a(a) provides:
Dwelling units assisted under this chapter shall be rented only to families who are lower income families .... A family shall pay as rent for a dwelling unit assisted under this chapter the highest of the following amounts .... (1) 30 per centum of the family's monthly adjusted income; ...

**2.** The only cases cited by plaintiffs which supported their claim that mandatory meal plans violate section 8 have both been reversed. *See Mayoral v. The Jeffco American Baptist Residences, Inc.,* 726 F.2d 1361 (10th Cir.1983), *rev'g* 519 F.Supp. 701 (D.Colo.1981); *Aujero v. CDA Todco,* No. C82-2766 SW, Order Granting Defendants' Motion for Summary Judgment, and Judgment (N.D.Cal. Dec. 22, 1983) and Order and Judgment (N.D.Cal. Sept. 23, 1983) (dissolving preliminary injunction granted by Order dated Dec. 9, 1982 (N.D.Cal. Dec. 10, 1982)).

**3.** It is significant that when meals as well as shelter are provided, that arrangement is more commonly referred to as "room and board," and not rent.

 

Acts, must also be dismissed. *See* Transcript of Proceedings (April 27, 1983).[4]

### 2. *The Antitrust Claims.*

There is some question as to whether plaintiffs have a valid claim against the Soundview defendants under section 1 of the Sherman Act. Plaintiffs allege that the mandatory meal plan constitutes an illegal tying arrangement. While the Court initially denied defendants' motion for summary judgment, more recent case authority has caused the Court to reconsider whether one of the essential elements of a proscribed tying arrangement is present in this case—whether a substantial volume of commerce in the tied market is foreclosed. *See, e.g., Jefferson Parish Hospital District v. Hyde,* —— U.S. ——, ——, 104 S.Ct. 1551, 1560–61, 80 L.Ed.2d 2 (1984).

Under Federal Rule of Civil Procedure 56, plaintiffs, in opposing defendants' motion for summary judgment, have the burden of demonstrating that there are sufficient issues of fact warranting a trial of the antitrust claims. The Court is not satisfied that the facts thus far submitted are sufficient to resolve that issue.

Therefore, assuming that the tied market is the market for furnished meals, on or before May 28, 1984 plaintiffs shall submit to the Court factual affidavits containing evidence as to the following: (1) whether plaintiffs would have purchased furnished meals elsewhere in the area of Soundview Apartments, if they were not required to subscribe to the meal plan; (2) the volume and nature of the market for furnished meals in the area; and (3) the total volume of sales in the tied market and the impact on that market assuming plaintiffs were permitted to spend the money expended on the mandatory meal plan in the tied market.

Assuming that, as plaintiffs contend, the tied market is the sale of food generally, the plaintiffs shall also set forth the evidence they expect to introduce at trial with respect to: (1) the total volume and nature of that market; and (2) the manner in which that market has been impacted by defendants' mandatory meal plan, and more specifically, how much money would have been spent in that market had the meal plan not been mandatory. If in these affidavits plaintiffs fail to put forth evidence sufficient to warrant a trial, the Court will grant the Soundview defendants' motion for summary judgment.

It is SO ORDERED.

---

**4.** Because the Court finds that plaintiffs have failed to state a claim upon which relief may be granted, it is unnecessary to reach the issue of whether plaintiffs have an implied right of action under section 8 or section 202.