588 F.Supp. 1381 (1984)
Jean JOHNSON, Seymour Johnson, Anne Hirsch and Joseph Tieger, individually and on behalf of all other persons similarly situated, Plaintiffs,
v.
SOUNDVIEW APARTMENTS HOUSING DEVELOPMENT FUND CO., INC. and United Home for Aged Hebrews and George M. Friedland, Herbert Platzner, Saunders T. Preiss and Charles H. Singer, individually and as officers of defendants Soundview Apartments Housing Development Fund Co., Inc. and United Home for Aged Hebrews, (the Private Defendants), United States Department of Housing and Urban Development, Samuel R. Pierce, Secretary, United States Department of Housing and Urban Development, and Joseph D. Monticciolo, Regional Administrator, United States Department of Housing and Urban Development, (the Federal Defendants), Defendants.
No. 81 Civ. 4803 (JES).
United States District Court, S.D. New York.
August 3, 1984.
*1382 Westchester Legal Services, Inc., White Plains, N.Y., for plaintiffs; Joy Blumkin, Stephen Norman, White Plains, N.Y., of counsel.
Satterlee & Stephens, New York City, for defendants Soundview Apartments Housing Development Fund, United Home for Aged Hebrews, George M. Friedland, Herbert Platzner, Saunders T. Preiss and Charles H. Singer; James F. Rittinger, Jr., New York City, of counsel.
Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants; United States Dept. of Housing and Urban Development, Samuel R. Pierce, Secretary, Joseph D. Monticciolo, Regional Administrator; Carolyn L. Simpson, Asst. U.S. Atty., New York City, of counsel.

OPINION & ORDER
SPRIZZO, District Judge.
Defendants Soundview Apartments Housing Development Fund Co., Inc. and United Home for Aged Hebrews have moved for reconsideration of their motion for summary judgment on plaintiffs' claim that a mandatory meal plan at Soundview Apartments is an illegal tying arrangement proscribed by section 1 of the Sherman Act, 15 U.S.C. § 1. The facts are discussed in the Court's Opinion and Order dated May 13, 1984. 585 F.Supp. 559. According to defendants, the requirement that Soundview residents subscribe to the meal plan is not being enforced at this time. See letter from James A. Rittinger, Esq. to Honorable John E. Sprizzo at 1 (April 16, 1984).
After oral argument on April 27, 1984 plaintiffs, tenants of Soundview Apartments, submitted to the Court affidavits of thirty-eight Soundview residents who oppose the mandatory meal plan, which set forth the amount those residents are spending to buy food rather than subscribing to the plan. Plaintiffs also note that counsel for defendants has represented to the Court that approximately 50% of the Soundview tenants are not currently availing themselves of the meal plan. See Letter from James A. Rittinger, Esq. to Honorable John E. Sprizzo at 1-2 (April 16, 1984).
The Court agrees with plaintiffs' contention that the tied market is the market for the sale of foodstuffs in the Soundview area. See Brown Shoe Co. v. United States, 370 U.S. 294, 325, 82 S.Ct. 1502, 1524, 8 L.Ed.2d 510 (1962); Coniglio v. Highwood Services, Inc., 495 F.2d 1286, 1292 (2d Cir.), cert. denied, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974). The Court rejects, however, plaintiffs' argument that in order to determine whether the alleged tying arrangement has a substantial impact on the tied market, or whether the commerce foreclosed is merely de minimis, see Fortner Enterprises, Inc. v. United States Steel Corp., 394 U.S. 495, 501-02, 89 S.Ct. 1252, 1257-58, 22 L.Ed.2d *1383 495 (1969); Yentsch v. Texaco, Inc., 630 F.2d 46, 58 (2d Cir.1980), the Court should consider what all of the 150 tenants at Soundview Apartments would spend in that market if the meal plan were made optional. Instead the Court finds that only those residents who object to the meal plan and who would purchase alternatives to the plan in the tied market if it were made optional should properly be considered. See Jefferson Parish Hospital District Number 2 v. Hyde, ___ U.S. ___, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984).
However, the Court further finds that in making its determination as to whether the impact on the tied market is merely de minimis, it may properly consider that approximately 50% of the Soundview residents are not subscribing to the meal plan at this time, and thus may properly infer that those persons would continue to purchase food in the tied market if plaintiffs were to prevail in this case. The thirty-eight affidavits submitted by Soundview residents opposing the meal plan indicate that they are expending between $38,220.00 and $39,420.00 annually in the tied market rather than paying for the meal plan. If the Court assumes that residents, other than those submitting affidavits, who are not now subscribing to the plan, would spend comparable amounts in the tied market for alternatives to the meal plan, the annual expenditure might well be in the range of $75,000.00. The Second Circuit has indicated that $86,376.72 of annual tied sales is not insubstantial, see Yentsch, supra, 630 F.2d at 58 (citing Detroit City Dairy, Inc. v. Kowalski Sausage Co., 393 F.Supp. 453, 472 (E.D.Mich.1975)), and one court has held that $50,000.00 in annual tied sales is not de minimis, see Aamco Automatic Transmissions, Inc. v. Tayloe, 407 F.Supp. 430, 436 (E.D.Pa.1976).
It follows that the Court cannot conclude as a matter of law, as it must on a motion for summary judgment, that plaintiffs' claims of impact on the tied market are insubstantial.[1]George C. Frey Ready-Mixed Concrete Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 554-55 (2d Cir. 1977); Gladstone v. Fireman's Fund Insurance Co., 536 F.2d 1403, 1406 (2d Cir. 1976). The motion for summary judgment must therefore be denied.
The Court's stay of discovery is lifted as of this date. The parties shall appear before the Court for a Pre-Trial Conference on October 12, 1984 at 10:00 A.M.
It is SO ORDERED.
NOTES
[1] Defendants have admittedly not filed a 3(g) statement to support their motion for summary judgment, as required by Rule 3(g) of the Civil Rules of the Southern District of New York, nor have they filed any affidavits as permitted by Fed.R.Civ.P. 56(b) which show that the impact on the tied market is de minimis. Their proposed 3(g) statement to the effect that there is no issue of fact that the meal plan has no anticompetitive impact on the tied market is not sufficient to demonstrate that in fact there is no issue of fact as to the de minimis issue.