In re Robert N. McLEOD, Debtor.

COLONIAL BANK, Plaintiff,

v.

Robert N. McLEOD and Richard Belford, Trustee, Defendants.

In re Norman V. LEONARD, Debtor.

COLONIAL BANK, Plaintiff,

v.

Norman V. LEONARD and Richard Belford, Trustee, Defendants.

Bankruptcy Nos. 5–85–00135, 5–85–00136.

Adv. Nos. 5–85–0097, 5–85–0098.

United States Bankruptcy Court, D. Connecticut.

April 9, 1987.

**752**

Francis G. Pennarola, Bruce C. Shulan, Gager, Henry & Narkis, Waterbury, Conn., for plaintiff.

Morton Weiss, Bridgeport, Conn., William J. Hagan, Marchi, Jaffe, Cohen, Crystal, Rosner & Katz, New York City, for debtors.

Richard Belford, New Haven, Conn., trustee.

---

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS, PURSUANT TO F.R.CIV.P. 12(c)**

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff, Colonial Bank ("Bank"), has instituted an adversary proceeding in each of the above cases, seeking a determination that debts relating to a personal guaranty and other documents are exempt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The defendants ("debtors") have moved for judgment on the pleadings, pursuant to F.R.Civ.P. 12(c), asserting that acceptance by the Bank of a promissory note and personal guarantees to evidence the obligations created by checking account overdrafts extinguished all claims of fraud based on the overdrafts which might have been otherwise available to the plaintiff.

The complaints allege that for some time prior to December 17, 1984, the defendants, in their individual and corporate capacities, knowingly and fraudulently caused the business checking account maintained with the Bank by Norman Leonard Enterprises, Inc. to be substantially overdrawn with the full knowledge that the account did not contain sufficient funds to cover their checks. On December 17, 1984, Norman Leonard Enterprises, Inc. executed a promissory note in favor of the Bank "to evidence and establish a repayment schedule"[1] for the debt created by the overdrafts. The debtors personally guaranteed the promissory note. The parties agree that the note was not intended to constitute payment of the amount of the overdrafts until all sums due thereunder and under related documents were fully repaid, an event which had not yet occurred at the time the debtors commenced bankruptcy proceedings. Each debtor has scheduled the obligation based on the promissory note and guaranty in his bankruptcy petition and maintains that it is dischargeable.

**DISCUSSION**

In considering a motion for judgment on the pleadings under F.R.Civ.P. Rule 12(c),[2] this court is required to accept

---

1. Complaint at ¶ 7.

2. F.R.Civ.P. 12(c) provides in pertinent part that:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

as true all properly pleaded factual allegations of the complaint and may dismiss the action only if it is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Furthermore, the record is confined to the pleadings and the court must draw all reasonable inferences in favor of the non-moving party. *Falls Riverway Realty v. City of Niagara Falls*, 754 F.2d 49, 54 (2d Cir. 1985). A motion for judgment on the pleadings must clearly establish that there are no material issues of fact to be resolved, and that the moving party is entitled to judgment as a matter of law. *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., supra*, 554 F.2d at 553.

In order to state a claim for relief under 11 U.S.C. § 523(a)(2)(A), a plaintiff must allege that the debtor obtained "money, property, services, or an extension, renewal or renewal, or refinance of credit by ... false pretenses, a false representation, or actual fraud...." Thus, the issue before the court is whether, as a matter of law, the execution of the promissory note and personal guarantees cancelled the original obligations and the plaintiff's fraud claims so that the debts are dischargeable in bankruptcy.

Under Connecticut common law, unless a promissory note was accepted with the express agreement that it was received as payment for a debt, the underlying obligation was not discharged. *See United States for the Use & Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co., Inc.*, 430 F.2d 1077, 1086 (2d Cir.1970), *cert. denied*, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971) *citing, Davidson v. Bridgeport* 8 Conn., 472 (1831). This result has not been altered by the adoption of the Uniform Commercial Code. Connecticut General Statutes § 42a–3–802 (U.C.C. § 3–802) provides that unless the parties otherwise agree,

where an instrument, is taken for an underlying obligation ... the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation ...

Therefore, absent an express agreement to discharge the underlying obligation, a promissory note may simply provide a debtor with valuable additional time to satisfy an obligation that is otherwise immediately due and payable. *See* J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 13–20 (2d ed. 1980). As stated in the Official Comment, § 3–802 was designed to settle conflicts regarding the relationship between an instrument as payment and the obligation for which it is given. As between the original parties, the defenses established by statute or common law on the underlying obligation are preserved under § 3–802. *See Progressive Enterprises Group, Inc. v. Nuestro Grafico, Inc.*, 21 U.C.C.Rep.Serv. 1121, 1123–24 (D.C.Super. 1977).

## CONCLUSION

There is a genuine dispute between the Bank and the debtors as to whether the parties entered into a new relationship with new rights evidenced by the promissory note and personal guarantees which would bar the plaintiff from pursuing claims under Code § 523. Accordingly, judgment on the pleadings is not appropriate, and the debtors' motions are denied.