NATIONAL LIFE INSURANCE COMPANY, Plaintiff-Appellee,

v.

Irene SOLOMON and Louis Schuster as Trustee of the S & L Pension Trust-R. T.B. Industries, Inc., Defendants-Appellants.

**No. 321, Docket 75–7294.**

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 1975.

Decided Dec. 9, 1975.

Harvey Weinig, Hempstead, N. Y. (Rivkin, Leff & Sherman, Freeport, N. Y., Leonard L. Rivkin, Freeport, N. Y., of counsel), for defendants-appellants.

Charles P. Sifton, New York City (LeBoeuf, Lamb, Leiby & MacRae, New York City, James A. Fitzpatrick, Jr., New York City, of counsel), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

In 1973, Herbert Solomon applied for a life insurance policy issued by National Life Insurance Company (hereinafter National). After submitting to the physical examination required by National and after filling out the appropriate application forms, including a statement of medical history, Solomon was insured by National in the amount of $240,792. Named as beneficiary of the policy was Irene Solomon, wife of the insured. Appellant Louis Schuster was named trustee and legal owner of the policy on Herbert Solomon's life.

Subsequent to the issuance of this policy, Herbert Solomon died, a victim of homicide. It is undisputed that Herbert Solomon's death was unrelated to any medical condition which he might have had prior to his demise.

When Irene Solomon attempted to collect the proceeds of the policy issued on her husband's life, she was informed that National considered the policy null and void because of alleged medical misrepresentations made by Solomon when he applied for the policy. In particular, National maintained that Herbert Solomon had been treated for chronic arteriosclerotic heart disease with angina pectoris prior to his application to National. Since this information had not been disclosed by Solomon when he applied for the policy on his life, National claims, the policy was obtained by material misrepresentation and is therefore null and void under New York law.

In response to Irene Solomon's claim to the policy proceeds, National brought an action in the United States District Court for the Eastern District of New York seeking formal rescission of the policy on Herbert Solomon's life. Jurisdiction was founded upon diversity of citizenship. It is agreed that New York law is controlling.

Section 149(2) of the New York Insurance Law establishes that a material misrepresentation made by an applicant seeking insurance coverage serves to void any insurance policy issued in reliance upon such misrepresentation. New York law establishes a particularly stringent test for materiality in the context of insurance law. Misrepresentations are material only if the company would have refused coverage to the applicant had the truth been disclosed at the time of application. New York Insurance Law § 149(2).

In the proceeding below, National moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. In response to this motion, the court, Walter Bruchhausen, Judge, granted summary judgment for National, holding that Herbert Solomon's alleged misrepresentations were "of such a serious nature as to be material as a matter of law." Summary judgment was granted for National before Irene Solomon's attorneys were able to conduct discovery pursuant to Rule 26, Fed. R.Civ.P., 28 U.S.C.

Appellants Solomon and Schuster now ask this court to reverse the grant of summary judgment below and to remand to the district court for further proceedings on the merits.

Since there were genuine issues of material fact, it was improper for the district court to grant summary judg-

ment for National. Three issues of material fact are controverted by the parties and require further proceedings on the merits. First, appellants Solomon and Schuster maintain that Herbert Solomon was never treated for arteriosclerotic heart disease. Second, they maintain that National had, in the past, issued policies to persons with such heart disease and that, even if Solomon had disclosed such a medical condition, National would have insured him anyway. Third, appellants Solomon and Schuster assert that the premium paid by Herbert Solomon was unusually high, indicating that National was aware of any alleged heart condition and that, notwithstanding this information National issued Solomon a "rated" policy.

We, of course, do not express any opinion as to the validity of these factual allegations. Our holding here is merely procedural. Since summary judgment is a "drastic device," *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, at 1320 (2d Cir. 1975), it should not be granted when there are major factual contentions in dispute. See also *Judge v. City of Buffalo*, 524 F.2d 1321 (2d Cir. 1975). This is particularly so when, as here, one party has yet to exercise its opportunities for pretrial discovery. Rule 56(f), Fed.R.Civ.P., 28 U.S.C.

Since appellants Solomon and Schuster have raised important factual questions which may be dispositive of this controversy, they are entitled to an opportunity to document their claims. Of course, that the law affords them this opportunity is no reflection on the merits of their position.

Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings.