**Franscisca BRODRICK, Plaintiff,**

v.

**The CITY OF NEW YORK, and the New York Department of Transportation, and District Council 37, Local 154, Defendants.**

**94 Civ. 4356 (HB).**

United States District Court,
S.D. New York.

Oct. 15, 1996.

---

Brooks R. Burdette, New York City, for plaintiff.

Paul A. Crotty (Ann L. Moscow, A. Jonathan Trafimow, of counsel), New York City, for City of New York, New York City DOT.

Robin Roach, New York City, for District Council 37.

## MEMORANDUM AND ORDER

BAER, District Judge:

Currently before the Court are several legal issues raised in the Pre–Trial Memorandum of Law submitted by defendants City of New York and New York City Department of Transportation (the "Municipal Defendants") and the motion to dismiss brought by defendant District Council 37, Local 154 (the "Union"). As discussed below, these motions are granted in part and denied in part.

### I. The Municipal Defendants

■ The Municipal Defendants raised several legal issues in their pretrial memorandum of law. When this memorandum was submitted, neither party addressed the proper scope of the record or the appropriate standard of review. As reflected in the Order dated October 15, 1996, the parties agreed during a telephone conference on October 3, 1996 to treat the amended complaint as further amended to include the allegations raised in plaintiff's pretrial order. As to the proper standard, since the Municipal Defendants have raised these issues as purely legal questions, and have not submitted any affidavits or other factual materials outside of the pleadings in support of their arguments, I will treat the memorandum of law as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and apply the standard appropriate to such motions. *See Cohen v. Koenig,* 25 F.3d 1168, 1171–72 (2d Cir.1994).

■ The Municipal Defendants argue that many of plaintiff's claims under Title VII, the Rehabilitation Act and 42 U.S.C. § 1981 must be dismissed as time barred. Under Title VII, a plaintiff in New York must bring an administrative charge within 300 days of an allegedly unlawful employment practice. *See Butts v. City of New York Dep't of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993). Causes of Action under the Rehabilitation Act and § 1981 brought in New York are governed by a three year statute of limitations. *See Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1036–37 (2d Cir.), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993) (Rehabilitation Act); *Butts,* 990 F.2d

at 1410 (§ 1981). Therefore, the Municipal Defendants seek dismissal of all claims under the Rehabilitation Act and § 1981 that accrued prior to June 14, 1991, three years prior to commencement of this action, and all claims under Title VII that accrued more than 300 days prior to March 15, 1990, the date of plaintiff's first complaint to the New York State Division of Human Rights. Plaintiff responds that the relevant statutes of limitations are inapplicable here because the Municipal Defendants have engaged in a continuing violation.

The continuing violation doctrine applies where the alleged discriminatory acts were part of an official policy or mechanism. *See Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir.1994). A plaintiff must assert the existence of a continuing violation in both his administrative charge and federal complaint. *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 25 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

Plaintiff has adequately pled a continuing violation under Title VII. Plaintiff claims that when she was hired in October 1986 the Municipal Defendants discriminated against her by setting her salary at a lower level than other similarly situated individuals. In her March 15, 1990 SDHR charge, plaintiff stated "[e]ven though I complained about this up to and including September 7, 1989, my salary has not been increased beyond the minimum salary range." This is sufficient to invoke the continuing violation doctrine because administrative charges are granted the benefit of loose pleading requirements. *Butts*, 990 F.2d at 1402.

Her federal complaint, as amended by the pretrial order, also sufficiently alleges the existence of a continuing violation.

The practice of discriminating against an employee by paying that employee unequal wages violates Title VII when the wage is first established and each time the employee is paid an unequal amount. Therefore, it constitutes a continuing violation. *See, e.g., Bartelt v. Berlitz School of Languages*, 698 F.2d 1003, 1004 (9th Cir.) ("The policy of paying lower wages to female employees on each payday constitutes a 'continuing violation.' "), *cert. denied*, 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983); *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 743 (8th Cir.1980) ("The practice of paying discriminatorily unequal pay occurs not only when an employer sets pay levels but as long as the discriminatory differential continues."); *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir.1980); *Lees v. Case-Hoyt Corp.*, 779 F.Supp. 717, 722 (W.D.N.Y.1991) ("While each payment of a discriminatorily low paycheck is a separate and distinct violation of Title VII, all such payments are connected by the employer's continuing policy and practice of paying an employee a lower wage because of their race or gender."). *But see Lacey v. Carroll McEntee & McGinley, Inc.*, No. 3 Civ. 8832(KTD), 1994 WL 592158 (S.D.N.Y. Oct. 26, 1994) ("Merely alleging a practice of unequal pay does not constitute a continuing violation nor a 'compelling circumstance.' "); *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1416 (S.D.N.Y.1989). Plaintiff's discriminatory pay claim is timely because she filed her SDHR charge within 300 days of an allegedly discriminatory wage payment.

As to plaintiff's § 1981 and Rehabilitation Act claims, I conclude that based on the present record, factual issues remain regarding the applicability of the continuing violation doctrine. Accordingly, the Municipal Defendants' motion is denied with leave to renew following the presentation of evidence at trial.

Next, the Municipal Defendants argue that all of the plaintiff's claims under § 1981 based on alleged acts between June 15, 1991 and November 21, 1991 must be dismissed because at the time, § 1981 only applied to the initial formation of an employment contract, not subsequent events in the employment relationship. Plaintiff responds that the Municipal Defendants wrongly de-

nied her opportunities for promotion and transfer that would have created "a new and distinct" employer-employee relationship within the meaning of *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and *Butts*, 990 F.2d at 1411–12. Drawing all inferences in plaintiff's favor, as I must on this motion, I find that plaintiff has adequately, if barely, stated a claim under § 1981 and that factual issues exist as to the nature of the lost employment opportunities that preclude dismissal as a matter of law.

The Municipal Defendants also contend that plaintiff's § 1981 claim fails because she has not properly pled that she was intentionally discriminated against pursuant to an official custom, policy or practice. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989). Plaintiff, through her recently appointed counsel, has been conducting discovery on this issue. In addition, plaintiff will be submitting a more detailed statement of alleged facts in the pretrial order. Given the procedural posture and timing of this motion, I am reserving judgment on the sufficiency of the § 1981 cause of action pending this submission.

■ Plaintiff's claims for unlawful retaliation under Title VII survive this motion. Although these allegations were not included in any of plaintiff's complaints filed with the State Division of Human Rights, they are reasonably related to those complaints. *See Butts*, 990 F.2d at 1402 ("The second type of 'reasonably related' claim is one alleging retaliation by an employer against an employee for filing an EEOC charge."). Finally, the Municipal Defendants' motion to dismiss plaintiff's Rehabilitation Act cause of action on the ground that her hearing loss did not substantially limit a major life activity is denied. The extent of plaintiff's hearing loss is a factual question that must be resolved at trial.

II. The Union

The Union moved to dismiss plaintiff's claims against it on both substantive and

statute of limitations grounds pursuant to Fed.R.Civ.P. 12(b)(6). Although this motion was filed prior to the joint pre-trial order in which plaintiff sought to amend her complaint, and thus is formally based on the first amended complaint only, in resolving the motion I will consider the current record which includes the new allegations by plaintiff.[1] In addition, although this motion was brought pursuant to Rule 12(b)(6), the Union submitted an affidavit from Hector Coto and attached exhibits to its reply brief while the plaintiff submitted her own affidavit. As both parties have treated this motion as one to dismiss, rather than for summary judgment, I will exclude these submissions as they are outside of the pleadings.

Plaintiff alleged that the Union breached its duty of fair representation and violated Title VII and § 1981. As to the duty of fair representation claim, plaintiff has conceded that she failed to comply with the relevant limitations rule. Therefore, this cause of action is dismissed.

As to the Title VII claim, plaintiff filed her administrative charge against the Union on September 27, 1992. As noted above, all allegations of discriminatory acts more than 300 days prior to that date are time barred. Although plaintiff seeks refuge under the continuing violation doctrine, I find that plaintiff has not sufficiently pled the existence of a continuing violation by the Union. Therefore all allegations of discriminatory acts that occurred more than 300 days before September 27, 1992 are time barred.

■ The Union also argues that only those allegations specifically recited in the SDHR charge may be considered in this action. Plaintiff responds that the additional allegations are reasonably related to the SDHR complaint. In determining whether to hear new allegations not raised in administrative charge, the court must consider whether the allegations would fall within the " 'scope of the EEOC [or SDHR] investigation which can reasonably be expected to

---

1. Although plaintiff had sought in the pretrial order to add causes of action under the Americans with Disabilities Act and the Rehabilitation Act, during the October 3, 1996 conference, plaintiff's newly appointed counsel conceded that she could not state a claim under those statutes against the Union. *See* Order dated October 15, 1996.

grow out of the charge of discrimination.'" *Butts,* 990 F.2d at 1402 (citation omitted). Here, those allegations that are not time barred will not be dismissed. They are reasonably related to the charges in the SDHR complaint because they are based on the same type of discrimination. *See Peterson v. Insurance Co. of North America,* 884 F.Supp. 107 (S.D.N.Y.1995); *Staples v. Avis Rent–A–Car Sys.,* 537 F.Supp. 1215 (W.D.N.Y.1982).

The alleged violations of § 1981 are governed by a three year statute of limitations. Again, I find that plaintiff has not established a continuing violation by the Union. Therefore, those acts that occurred more than three years prior to the commencement of this action are time barred.

The Union also moves to dismiss the remaining claims under Title VII and § 1981 for failure to state a claim. I conclude that, under the requisite test, plaintiff has adequately pled these causes of action.

Finally, the Union has filed a Pre–Trial Memorandum of Law. This memorandum raises many of the issues previously presented in its initial motion to dismiss as well as several others, mainly in response to facts alleged in plaintiff's section of the joint pretrial order. The parties should include the remaining legal issues in their joint pretrial order.

SO ORDERED.