Sherry PETROSKY, Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES; William Atchet, Chief Motor Vehicle Investigator and Director; Kenneth Dwyer, Chief Motor Vehicle Investigator; Melvin G. Milner, Senior Motor Vehicle Investigator; Dwight Schwabrow, Supervising Motor Vehicle Investigator; David Harris; Motor Vehicle Investigator; and George Hass, Motor Vehicle Investigator, Defendants.

No. 96–CV–0902.

United States District Court, N.D. New York.

July 17, 1997.

Rosenblum & Hilley, Albany, NY, for Plaintiff; Sue H.R. Adler, of counsel.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY, for Defendants; David B. Roberts, Asst. Attorney General, of counsel.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Sherry Petrosky brings this action alleging discrimination in the workplace on the basis of sex and disability. Plaintiff asserts federal causes of action for violations of her rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Plaintiff also asserts state law causes of action under the New York State Human Rights Law, Executive Law § 290 *et seq.*

### I. BACKGROUND

#### A. Facts

Plaintiff began working for the New York State Department of Motor Vehicles ("DMV") in August of 1981 as a Motor Vehicle Investigator. (Pl.Compl.¶ 21). In her Complaint, she alleges that from the time she began working at the DMV until her last day at the work site on October 20, 1994, she was continuously and repeatedly subjected to sexual discrimination and sexual harassment by defendants. (*Id.* ¶ 24). The harassment of which defendants are accused consisted of, *inter alia:* (a) unwelcome sexual advances;

(b) graphic sexual discussions directed to plaintiff or conducted near or at her desk; (c) repeated offensive, lewd, and vulgar comments, and sexually explicit or suggestive cards and items being left on plaintiff's desk; (d) handcuffing plaintiff to a car and leaving her there while supervisors from New York City were visiting the garage; (e) pretending that plaintiff had been murdered at her desk by stuffing her uniform, placing it in her chair with a letter opener stuck in the back and draping police "crime scene" tape around her desk; (f) hiding her state-issued car, clothes, and/or uniform; (g) assigning plaintiff to work with male employees who defendants knew, or should have known, mistreated, threatened, and/or harassed plaintiff based upon her gender; (h) posting a photograph of plaintiff working under a car with only her lower half visible and a caption reading "OK guys I'm ready!"; (i) repeated derogatory statements, verbal assaults, and posting of items ridiculing plaintiff because of her gender, including comments that "she's probably knocked up again," "women are inferior," "should be paid less," "are only good for making coffee," and that the plaintiff was a "worthless bitch" who was "taking a job away from a man"; and (j) nude photographs, pictures, and other pornographic items repeatedly displayed, posted, or drawn on plaintiff's desk and in the shared bathroom. (Pl.Compl.¶ 34a-f). Plaintiff also alleges that during her employment she was never told of any procedure for investigating or resolving complaints of sexual harassment. (Pl.Compl.¶ 32). Plaintiff also contends that no sexual harassment policy was issued to her, nor was one posted at her work site. (Id. ¶ 33). Moreover, according to plaintiff, defendants either were aware, or should have been aware, of the continuous discriminatory employment practices to which she was subjected. (Pl.Compl.¶ 27). She asserts that throughout her employment, she complained about the discriminatory conduct to defendants Atchet, Schwabrow, Dwyer and Milner, as well as to defendant DMV's personnel and affirmative action office. (Id. ¶ 38). When she complained, however, plaintiff was told that she had to expect and accept such conduct in a garage. (Id. ¶ 39). Furthermore, plaintiff alleges that she was told that defendants would find a way to get rid of her if she complained. (Id. ¶ 40).

With respect to her claims of disability discrimination, plaintiff alleges that defendants ignored her doctors' requests that reasonable accommodations be made for plaintiff's diabetes. (Pl.Compl.¶ 50). Not only did defendants ignore such requests, plaintiff contends they also forced her to work overtime, reduced the number of days she would work while increasing her workload, refused to allow her to take breaks, and generally made abusive and derogatory comments regarding her disability. (Id. ¶ 49).

Finally, plaintiff alleges that as a result of defendants' failure to make a reasonable accommodation for her disability, as well as the continuous and pervasive harassment and abuse that she was forced to endure, plaintiff was forced to leave her job and was disabled from work. (Pl.Compl.¶ 51).

### B. Procedural History

Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on March 20, 1995. (Pl.7.1(f) Stmt. ¶ 11). On March 8, 1996, plaintiff received from the EEOC a Notice of Right to sue defendants. (Pl. Complaint ¶ 5). She filed this lawsuit on June 5, 1996.

On April 18, 1997, defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56, or for dismissal of the complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Def. Notice of Motion). Defendants claim that plaintiff's action is time-barred, and that she does not satisfy the continuing violation exception to the statute of limitations. (Def. Mem. at 3, 5). Defendants also seek dismissal of the Title VII and ADA claims as against the individual defendants, as well as dismissal of the plaintiff's state law claims.

## II. DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) states that "if, on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."

"Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material.'" *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988).

The Second Circuit mandates that where materials outside the pleadings are offered on a motion to dismiss, a district court should adhere strictly to the language of Rule 12(b). *Kopec v. Coughlin*, 922 F.2d 152 (2d Cir. 1991).

Both parties have submitted matters outside the pleadings on this motion. Defendants have presented a copy of the plaintiff's testimony at a previous workers' compensation hearing. Plaintiff has submitted her sworn affidavit. However, this Court refuses to convert the present motion to dismiss into one for summary judgment.

At this point in the litigation between the parties it would be premature to rule on the applicability of summary judgment. *See United States v. Yonkers Bd. Of Ed.*, 893 F.2d 498, 500 (2d Cir.1990). Because summary judgment is a drastic device, it should not be granted where parties have yet to exercise their opportunity for pre-trial discovery. *See, e.g., National Life Ins. v. Solomon*, 529 F.2d 59 (2d Cir.1975). Indeed, to do otherwise would be both premature and unwise. *See Klebanow v. Funston*, 35 F.R.D. 518, 520 (S.D.N.Y.1964) ("a decision of such importance should await the completion of pre-trial discovery."). In the case at hand there has been no discovery. Defendants' motion, insofar as it requests summary judgment, is noticeably lacking in factual support. For these reasons, the Court will treat this motion solely as one to dismiss the complaint under Rule 12(b)(6).

"The court's function on a Rule 12(b)(6) motion to dismiss is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3*

*Int'l Broth. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir.1990) (citing *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985)). The court "must not dismiss the action 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). In deciding a motion to dismiss, the court "must accept the material facts alleged in the complaint as true." *Cohen*, 25 F.3d at 1172.

## B. The Standard Applied

Defendant first claim that all of plaintiff's federal claims should be dismissed because they are barred under the applicable statute of limitations. (Def. Mem. at 2). Defendants argue that since the last day plaintiff worked for the DMV was May 18, 1994, this was the latest possible date on which a discriminatory event could have occurred. As a result, the 305 days which elapsed between May 18, 1994, and the date on which the plaintiff filed an administrative charge of discrimination with the EEOC (March 20, 1995) violates the requirements of Title VII and the ADA that a claim of discrimination must be filed with the EEOC within 180 days of the allegedly discriminatory event.

Plaintiff alleges in her Complaint, however, that her last day on the worksite was October 20, 1994, not May 18, 1994. More importantly, plaintiff further states that an allegedly discriminatory event occurred on October 20, 1994. (*Id.* ¶ 24). This material fact in the complaint must be accepted as true. *Cohen*, 25 F.3d at 1172. Thus, this Court assumes that an allegedly discriminatory event occurred October 20, 1994. Because October 20, 1994 falls within the 180 day period, plaintiff's action is not time-barred on this basis.

Second, defendants claim that plaintiff does not satisfy the continuing violations exception to the statute of limitations for those acts of discrimination beyond the 180 day period. (Def. Mem. at 6). The continuing violation doctrine generally applies where the alleged discriminatory acts were part of an official policy or mechanism. *See Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.

1993), *cert. denied,* 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339, (1994). Typically, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Lambert,* 10 F.3d at 53; *see also Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996). However, a continuing violation may be found in the absence of a formal discriminatory policy or mechanism, "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir.1994).

■ Plaintiff has adequately pleaded a continuing violation. Plaintiff claims that since she began working for the DMV in August of 1981 until her last day of work on October 20, 1994, she suffered repeated and continuous harassment and discrimination. (Pl.Compl.¶¶ 24, 34a-f). Further, plaintiff states that throughout her employment she complained of the conduct to the defendants, but was told that she had to accept it, and if she did not, the defendants would find a way to get rid of her. (Pl.Compl.¶¶ 38–40). Whether these incidents of alleged sexual harassment an discrimination were in fact were specific and related, and were permitted by the employer to continue unremedied for so long as to amount to discriminatory policy or practice, is a disputed issue that cannot be resolved on this motion. Nonetheless, the allegations in plaintiff's complaint are sufficient to withstand defendants' motion to dismiss. *See Wills v. Key Food Stores Co-operative, Inc.,* 1997 WL 168590 at *4 (E.D.N.Y.) (where plaintiff "allege[d] on a broad variety of occasions star ing in 1991 and continuing to the present [that] he has been subjected to racist remarks and treatment, and that [defendants] have done nothing to change the racist environment", defendants' motion to dismiss claims as time-barred was denied); *Brodrick v. City of New York,* 942 F.Supp. 196 (S.D.N.Y.1996) (plaintiff who claimed that defendants discriminated against her by setting her salary at a lower level than other similarly situated individuals and failed to increase her salary despite her repeated complaints satisfied the continuing violation doctrine).

With regard to defendants' motion to dismiss the Title VII and ADA claims against the individual defendants, the issue is moot because plaintiff has voluntarily agreed to withdraw the claims. (Pl. Mem. at n. 1).

Finally, defendants' motion to dismiss plaintiff's state law claims is denied. That motion is based upon lack of supplemental jurisdiction. Since plaintiff's federal law claims have not been dismissed, the Court retains jurisdiction of the State law claims.

## III. CONCLUSION

It is therefore

ORDERED, that defendants' motion to dismiss for failure to state a claim upon which relief may be granted is DENIED.

**IT IS SO ORDERED.**