**Michael KENNEDY, Plaintiff,**

v.

**Vincent FITZGERALD; Guy and Nancy Easter; Baskin–Robins U.S.A., Co. and the City of Syracuse, New York, Defendants,**

**United States of America, Intervenor.**

No. 00–CV–0132.

United States District Court,
N.D. New York.

June 23, 2000.

---

Public Interest Law Firm I, Syracuse University College of Law, Office of Clinical Programs, Syracuse, NY (Sarah Betsy Fuller, Cyrus Rilee, Jamal Johnson, of counsel), for Plaintiff.

Vincent Fitzgerald, Syracuse, NY, pro se.

Guy and Nancy Easter, Skaneateles, NY, pro se.

Schmeltzer, Aptaker & Shepard, P.C., Washington, DC (Robert Lewis Duston, of counsel), for Defendant Baskins & Robins U.S.A., Co.

Office of Corp. Counsel, City of Syracuse, NY (Karen M. Richards, Asst. Corp. Counsel, of counsel), for Defendant City of Syracuse, NY.

U.S. of America, Dept. of Justice, Civil Rights Division–Disability Rights, Washington, DC, (M. Christine Fotopulos, of counsel), Amicus Curiae.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Plaintiff Michael Kennedy, whose cerebral palsy condition necessitates the use of a wheelchair for travel, has been unable to access the Baskins–Robin store at 737 Crouse Avenue, Syracuse, NY, because the site has no wheelchair ramp. He maintains that the owners of the property have agreed to build a ramp, but the defendant City of Syracuse ("City") has denied them a building permit pursuant to the City's policy to deny such permits to tax delinquent property owners.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, statutory and/or civil penalties, attorneys' fees and costs.

Currently before the court is the City's motion in the alternative to dismiss the

complaint under Rule12(b)(6) or for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Because matters outside the pleadings have been presented to and will not be excluded by the court, defendant City's motion will be treated as one for summary judgment and disposed of as provided by Rule 56.

The United States Department of Justice, Disability Rights Section, Civil Rights Division moved for permission to participate as *amicus curiae* in the case.

The plaintiff has brought this action against Guy and Nancy Easter, the property owners; Baskin–Robins U.S.A., Co., the franchiser and/or the tenant/lessee of the 737 Crouse Avenue property which is a "place of public accommodation" within the meaning of the applicable statutes; Vincent Fitzgerald II, the franchisee; and the City of Syracuse, ("the City") alleging violations of Title II and, III of the ADA, Section 504, and various state laws. The complaint alleges that the City is included in the pertinent federal and state statutes defining the terms "public entity," "subdivision of the state" and as participating in a "program or activity," and it has discriminated against him and other persons with disabilities by refusing to modify its zoning policy in order to grant the building permit that would allow the construction of the wheelchair ramp.

The City's motion initially contends that plaintiff failed to give it the required timely notice of his claim as set forth in the General Municipal Law § 50–e and § 8–115(2) of the Syracuse Charter, as well as § 40–d of the New York Civil Rights Law that provides notice must be given to the New York State Attorney General at or before commencing an action under that section.

■ The City's contentions here are without merit. Plaintiff's claim falls within the public interest exception to General Municipal Law § 50–e as applied to the Syracuse City Charter. The public interest exception has been delineated as "ac-

tions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group." *423 South Salina Street, Inc. v. City of Syracuse*, 68 N.Y.2d 474, 493, 510 N.Y.S.2d 507, 503 N.E.2d 63 (1986); *Stilwell v. Orleans County*, 1998 WL 543775 (W.D.N.Y.). Furthermore, the record contains proof that plaintiff actually gave notice to New York State Attorney General of his law suit before commencing it.

*The Plaintiff's Claim:*

Plaintiff alleges that the defendant City will not grant the Easter defendants a building permit to construct a handicap ramp at their South Crouse Avenue store thereby violating the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. He maintains that granting of a building permit is a part of the City's zoning procedures.

■ The Second Circuit in *Innovative Health Systems v. City of White Plains*, 117 F.3d 37 (2d Cir.1997), concluded that a broad interpretation of the terms "services, programs or activities" made the discrimination claims asserted under Title II of the ADA, 42 U.S.C. § 12132 (1994), and § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (1994) applicable to the city defendant. Both statutes prohibit discrimination by a public entity, and a city's zoning decisions constitute a service, program or activity of a public entity within the meaning of the ADA, and the Rehabilitation Act. The ADA states: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act is similarly worded: "No otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." 29 U.S.C. § 794(a). The Rehabilitation Act defines "program or activity" as "all of the operations" of specific entities, including "a department agency, special purpose district, or other instrumentality of a State or local government" 29 U.S.C. § 794(b)(1)(A). The court determined that the plain meaning of "activity" is a "natural or normal function or operation" and that both statutes clearly encompass zoning decisions by the city. *Id.* at 44. The court noted that the language of Title II's anti-discrimination provisions does not limit the ADA's coverage to conduct that occurs in the "programs, services or activities" of the city, but rather, is a catch-all phrase that prohibits discrimination by a public entity, regardless of the context. *Id.* at 44, 45.

### The City's Defense:

In April and May 1997, the Easter defendants made sizable revisions at 737 South Crouse Avenue. The alterations did not include the construction of a handicap access ramp or the installation of doors or the hardware required to permit wheelchair entree.

The Easter defendants twice applied to the City for permission to encroach into the City's right-of-way with a handicap ramp. These applications were withdrawn by the City on December 7, 1998 and April 12, 1999. The City asserts that its withdrawal decisions were not based on plaintiff's or any other party's disability. The decision was made because the proposed handicap ramp was too close to a fire hydrant, guy wire and pole and would interfere with a survey monument. It would also encroach directly in front of the adjoining property, and when the door to the adjoining property was opened, it would block the handicap ramp. Additionally, the architect did not certify that the proposed ramp met the regulations of the American with Disabilities Act ("ADA").

The proposed ramp would have impeded and endangered pedestrian traffic in the area. The City suggested an acceptable alternate design that would have had a portion of the ramp run through the store, but it was rejected by the Easter defendants because they did not want to lose any floor space.

The Easter defendants never applied for a building permit to construct a handicap ramp. They requested an encroachment. An application for a building permit is made to, and granted by the Division of Code Enforcement; a request for an encroachment is made to the Common Council.

The City does not have a policy of denying building permits to property tax delinquents. It is not a factor in the decision of whether to issue a permit. If it was, the Easter defendants would not have been granted a building permit to renovate the property in 1997. In fact, six building permits have been issued since 1996 on this property even though the Easter defendants were tax delinquent.

The Easter defendants' two encroachment requests were rejected by the Common Council, not because of tax delinquency, but because they were unsafe, unpaid property taxes were not a factor in the decision. Since 1993, the City has received and granted seven other request to encroach upon City sidewalks to build handicap ramps. All encroachment requests are reviewed by the City's engineers and surveyor and their opinions and concerns are sent to the City Council for consideration in the making the decision to grant or withdraw the encroachment request. The City Council is ready to consider a revised encroachment request from the Easter defendants if and when it is submitted.

The defendant City claims that it is the property owner's responsibility to accommodate disabled persons, and cites the decision made by The New York State Division of Human Rights ("NYSDHR") after

it reviewed the matter and found that the Easter defendants produced "no convincing evidence as to why the accommodation needed by the complainant is not possible or would constitute an undue hardship."

■ The City suggested modifications to the Easter plan which were rejected by the Easters, therefore, it is they, not the City, who have not made any good faith attempt to accommodate the disabled. Although the city acknowledges that it is required to make or permit reasonable modifications to be made to physical structures to accommodate the handicapped, it is not required to disregard safety factors it considers important in making its decision to grant an encroachment merely because the encroachment is for the handicapped.

*The Amicus Curiae Statement:*

The United States has significant responsibilities for implementing and enforcing the ADA and Section 504, including pursuant to statutory directive, 42 U.S.C. § 12186(b), the promulgation of a regulation implementing Title II, 28 C.F.R. pt. 35. The United States has strong interest in ensuring that the case law developed in this suit is consistent with the United States' interpretation of these statutes and its Title II regulation. In addition, the government believes that its views on this issue will be of assistance to the Court and respectfully urges the Court to grant *amicus curiae* status. Counsel for the parties do not oppose this motion.

The United States is concerned with the enforcement of Title II of the ADA and § 504 of the Rehabilitation Act both of which have been discussed *supra* in this memorandum.

*Findings:*

■ After reviewing the papers submitted by the respective parties and hearing their oral arguments, the court concludes that it is evident that a genuine issue of material fact is controverted by the parties regarding what exact requirements must be met before the City of Syracuse will issue building and/or encroachment permits for statutory mandated construction of disabled persons access to establishments by this legislation.

Summary judgment is a "drastic device," *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975), it should not be granted where there are major factual contentions in dispute. *Judge v. City of Buffalo*, 524 F.2d 1321, 1322 (2d Cir.1975). This is particularly true when, as here, one party has yet to exercise its opportunities for pretrial discovery. *National Life Insurance v. Solomon*, 529 F.2d 59, 61 (2d Cir.1975). Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995).

This action is not one of "the rarest of cases," and summary judgment will denied be as premature.

Accordingly, Defendant City of Syracuse's summary judgment motion is **DENIED** without prejudice to a renewed motion for summary judgment at the completion of discovery.

The motion by the United States Justice Department's Disability Rights Section, Civil Rights Division, for leave to participate as *amicus curiae* is **GRANTED.**

**IT IS SO ORDERED.**